UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney Neil Sansbury, #39063, | ) | C/A No 3:09-1074-HFF-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Sandra Holland, and | ) | |
| Lieutenant Riley, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Rodney Neil Sansbury, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Charleston County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name an employee of the Berkeley County Detention Center and an employee of the Berkeley County Family Court as defendants.[2] Liberally construed, the plaintiff alleges that the defendants were deliberately indifferent to a serious medical need. Plaintiff seeks money damages and injunctive relief. The defendant Holland should be summarily dismissed from this action based upon immunity.[3]

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] Contemporaneously with this report and recommendation, the court enters an order authorizing service of process upon defendant Riley.

§ 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v.*

*Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The plaintiff brings suit about an incident that occurred while he was detained in the Berkeley County Detention Center ("BCDC") from June 2006 until September 2006. He alleges that upon his arrival at the BCDC he had HIV and was on medications that he had in his possession. (Compl. at pp. 3-4.) When his medications ran out, he alleges that defendant Riley who worked at the BCDC refused to let him get medical treatment or more prescriptions. *Id.* As a result, he alleges that his HIV became full-blown AIDS. *Id.* He alleges that BCDC had a policy that it did not offer medical assistance to detainees housed there due to child support. *Id.* The plaintiff further alleges that at some point he was in court before his sentencing judge and that the plaintiff advised the judge that he did not have family or friends who could transport him to the Medical University of South Carolina ("MUSC") for treatments. *Id.* The plaintiff alleges that, "Sandra Holland then stood up

3

and told the Judge that she had spoken with my X-wife [sic] and that my X-wife [sic] stated that she will take me back and forth to the hospital. All of which was untrue." *Id.* at p. 4. In other words, liberally construed the plaintiff alleges that he was in the Berkeley County Detention Center for child support reasons and that he could not receive the medical care for HIV that he needed and that the defendants were aware of that but they refused to arrange for his medical care. Also, when the plaintiff attempted to explain to the judge that he was not receiving adequate medical care defendant Holland falsely told the judge that the plaintiff would get medical care which caused the judge to believe that the problem was resolved. The plaintiff seeks $500,000 in damages and injunctive relief. (Compl. at p. 5.)

Based on the facts alleged by the plaintiff and the service documents submitted to the court,[4] this court has discerned that either defendant Holland was employed in the Berkeley County Family Court's office or she was an assistant solicitor for Berkeley County prosecuting family court cases.[5] In either case, defendant Holland has immunity from suit. Clerks of court, deputy clerks, and court-support personnel have immunity from suits pursuant to 42 U.S.C. § 1983. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also

---

[4] The plaintiff submitted Holland's address as the Berkeley County Family Court at the Berkeley County Courthouse.

[5] The court is mindful that a *pro se* litigant's complaint should not be dismissed *sua sponte* unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007). Here, the court is not resolving a dispute in fact. Instead, because it is unclear what Holland's job was, to give the plaintiff's complaint liberal construction the court is assuming that Holland may have had two different jobs – either she was employed by the family court or by the Solicitor's office. However, under either scenario Holland has immunity.

4

immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). "The clerks of court are also entitled to immunity the same as judges when performing their duties." *Zimmerman v. Spears*, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973). The doctrine of absolute judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, ... and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). If defendant Holland was employed by the Berkeley County Family Court and spoke to the judge in the courtroom about the plaintiff's case, she would have been acting pursuant to court directive.

Similarly, if Holland was employed by the Berkeley County Solicitor's Office as an assistant solicitor and spoke to the judge in the courtroom about the plaintiff, then she has immunity. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Accordingly, defendant Holland has either court-support personnel immunity or prosecutorial immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

<u>Recommendation</u>

This court recommends that the District Court summarily dismiss defendant Sandra Holland from this case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

May 4, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).