IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RODNEY NEIL SANSBURY, | ) Civil Action No. 3:09-1074-RMG-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| LIEUTENANT RILEY, | ) |
| Defendant. | ) |

This action was filed by Plaintiff, *pro se*, on April 27, 2009. On August 4, 2009, service was returned unexecuted as to Defendant Lt. Riley. On the USM-285 form it was noted that a Deputy United States Marshal attempted to serve Lt. Riley at the address provided by Plaintiff, and spoke with First Sgt. Habersham at the Berkeley County Jail who stated that Lt. Riley retired from the Berkeley County Jail two years previously and that the jail did not have a forwarding address or phone number for Lt. Riley on file.[1] *See* Doc. 20. Plaintiff has not provided any other address or identification (such as a first name) as to this Defendant, and it is Plaintiff's responsibility to provide the correct name and address for a defendant to be served.[2] Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the

---

[1]In doing so, the United States Marshal's Service appears to have fulfilled its duty to expend a reasonable investigative effort to locate the Defendant. See Greene v. Holloway, 210 F.3d 361 [Table](4th Cir. March 22, 2000) (unpublished), citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir.1995).

[2]It is well-settled that federal courts are not required to be "mind readers" for state prisoners or pro se litigants. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of the plaintiff.

plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Further, Local Civil Rule 4.01 DSC provides:

In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Here, Plaintiff has not provided any additional identification as to Lt. Riley and has not provided any other address for service. He has not, pursuant to Local Civil Rule 4.01, advised the Court as to why service has not been effected. Additionally, he has not taken any further steps to prosecute this action. In an order issued October 4, 2010 Plaintiff was directed to provide the Court, on or before October 22, 2010, with an address where Defendant Riley could be served and to show good cause as to why Defendant Riley has not been served. Plaintiff was instructed that failure to do so would result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Civil Rules 4(m) and 41(b).

On October 8, 2010, the Court's order was returned to the Clerk of Court marked "Moved Left No Forwarding Address, Unable to Forward, Return to Sender." The undersigned notes that when Plaintiff filed this action, he was specifically instructed as follows:

You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

*See* Order filed May 4, 2009.

Plaintiff has failed to provide the Court with a current mailing address, and as a result neither the Court nor the Defendant have any means of contacting him concerning his case.

Based on the foregoing, it is recommended that this action be **dismissed**, **with prejudice**, for failure to prosecute in accordance with Rule 41(b), Fed.R.Civ.P. The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

**If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 14, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).